United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS MOSQUERA, TDCJ #02377827, Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-06654 |
| KATHLEEN HAMILTON, *et al.*, Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff Nicholas Mosquera (TDCJ #02377827) is a state prisoner in custody of the Texas Department of Criminal Justice ("TDCJ"). Mosquera filed this civil rights action under 42 U.S.C. § 1983 against the judges presiding over his criminal case. See Doc. No. 1. Having reviewed the pleadings and the plaintiff's litigation history, the Court DISMISSES this case as frivolous and as barred by the three-strikes rule in 28 U.S.C. § 1915(g).

Mosquera seeks leave to proceed *in forma pauperis*. Doc. No. 2. Under the "three strikes" rule, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-

danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Mosquera has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See, e.g.*, *Mosquera v. City of Conroe, Tex.*, Civ. A. No. 4:23-cv-698 (S.D. Tex. Mar. 21, 2023) (dismissing case for failure to state a claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Mosquera v. Collier, et al.*, Civ. A. No. 4:24-cv-284 (S.D. Tex. Jun. 28, 2024) (dismissing for failure to state a claim); and *Mosquera v. Conroe, Tex.*, Civ. A. No. 4:25-cv-6382 (S.D. Tex. Jul. 29, 2026). Therefore, he may not proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Baños*, 144 F.3d at 885. Plaintiff does not plead facts to show that he falls within the imminent danger exception to Section 1915(g), and, therefore, his complaint is subject to dismissal without prejudice.

In addition, the Court observes that the instant complaint is wholly frivolous, seeking $2 million in damages from the judges who presided over his criminal case. *See Stump v. Sparkman*, 98 S. Ct. 1099, 1108 (1978); *Imbler v. Pachtman*, 96 S. Ct. 984, 995 (1976). Therefore, this case is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's Complaint is **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b), as frivolous and for failure to state a claim for

which relief may be granted, and because it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is **DENIED** under 28 U.S.C. § 1915(g).

3. All other pending motions, if any, are **DENIED as MOOT**.

**This dismissal counts as a strike for the purposes of 28 U.S.C. § 1915(g). This dismissal is his fourth strike (at least). Mosquera is warned that filing additional frivolous cases may result in sanctions, including monetary sanctions, or a preclusion order.**

The Clerk will send a copy of this order to the parties and will also provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas by email at: **Three_Strikes@txs.uscourts.gov**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this 18th day of August 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE